UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On February 13, 2008, Plaintiff Midland Funding, LLC ("Midland") filed suit against Defendant Sue Brown Zelenitz ("Zelenitz") in San Diego County Superior Court. (Docket No. 1, Not. of Removal at 2.) Default judgment was entered against Zelenitz in August 2009, and the Superior Court set aside that default judgement on April 25, 2011. (Id.) Also on April 25, 2011, Zelenitz filed an answer and counterclaim against Midland, Brachfeld & Associates, and Erica Brachfeld (collectively, "Cross-Defendants") asserting claims under laws including the federal Fair Debt Collection Practices Act. (Id.) On May 24, 2011, cross-defendant Brachfeld & Associates removed the case to this Court. (Id.) Midland and Erica Brachfeld consented and joined in the removal. (Id.) For the reasons set forth below, Cross-Defendants have failed to persuade this Court that they had authority to remove the case under 28 U.S.C. §1441(a), or that this Court has subject matter jurisdiction.

The removal statute, 28 U.S.C. § 1441, provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by <u>the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), the Supreme Court addressed who qualifies as a "defendant or the defendants" with the right to remove under this statute. The Court held that a plaintiff in a state court action who became a counter-defendant by way of a counterclaim had no right to remove under a predecessor removal statute that authorized removal only by "the defendant or defendants." Id. at 102–03, 108. The Court took particular note of the fact that the prior removal statute allowed removal by "either party" and reasoned that the change to allow removal "by the defendant or defendants" reflected Congress's intent to narrow the availability of removal. Id. at 106–07. The holding in Shamrock continues to apply to the modern removal statute. See Westwood Apex v. Contreras, – F.3d –, 2011 WL 1744960, at *4–5 (9th Cir. 2011).

Since Shamrock, courts have further limited the interpretation of "defendants" as used in § 1441(a) to exclude third-party defendants and non-plaintiff parties who are added as cross-defendants in counterclaims. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 332–33 (4th Cir. 2008); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462–63 (6th Cir. 2002). In Westwood Apex, the Ninth Circuit implicitly adopted this interpretation. Westwood Apex, – F.3d –, 2011 WL 1744960, at *7. There, the Circuit held that the Class Action Fairness Act "did not change the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court." Id.

In the case at hand, Midland is a plaintiff/counterclaim defendant and Brachfeld & Associates and Erica Brachfeld are third-party defendants. None of these parties has a right to remove under § 1441(a), as interpreted by Shamrock Oil and its progeny. This defect is jurisdictional. In Shamrock Oil, the Supreme Court noted that Congress's purpose in limiting the right of removal to original defendants was "to narrow the federal jurisdiction on removal." Shamrock Oil, 313 U.S. at 107; accord id. at 108 (noting that "the language of the Act of 1887 evidence[s] the Congressional purpose to restrict the jurisdiction of the federal courts on removal"). Thus, because the removing parties here are not "defendants" within the meaning of § 1441(a), it appears that this Court lacks subject matter jurisdiction.

The Court also notes that Removing Defendants have not established that this Court would have federal question jurisdiction over this suit even if it had been originally filed in this Court. The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Caterpillar, 482 U.S. at 392 (emphasis added). A federal defense does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). "It is also immaterial that a counterclaim, cross-claim, or third party claim may raise a

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

federal question." HSBC Bank, NA v. Letrado, No. 10-9422, 2011 WL 781624, at *1 (C.D. Cal. Feb. 25, 2011). Thus, the fact that Zelenitz's cross-complaint raises claims under federal law does not give rise to federal question jurisdiction.

For these reasons, Cross-Defendants are hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction. Cross-Defendants must file a written response to this Order, not to exceed five (5) pages, **by no later than June 29, 2011**. Failure to file a timely response to this Order will be deemed consent to an order remanding this case to state court.

**IT IS SO ORDERED.**