UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

On February 13, 2008, Plaintiff Midland Funding, LLC ("Midland") filed suit against Defendant Sue Brown Zelenitz ("Zelenitz") in San Diego County Superior Court. (Docket No. 1, Not. of Removal at 2.) Default judgment was entered against Zelenitz in August 2009, and the Superior Court set aside that default judgment on April 25, 2011. (Id.) On April 25, 2011, Zelenitz filed an answer and counterclaim against Midland, The Brachfeld Law Group, P.C., and Erica Lynn Brachfeld, P.C.[1] (collectively, "Cross-Defendants") asserting claims under laws including the federal Fair Debt Collection Practices Act ("FDCPA"). (Id.)

On May 24, 2011, cross-defendant The Brachfeld Law Group, P.C., removed the case to this Court. (Id.) Midland and Erica Lynn Brachfeld, P.C., consented and joined in the removal. (Id.) On June 14, 2011, this Court issued an Order to Show Cause ordering Cross-Defendants to explain why the Court had subject matter jurisdiction in this case. (Docket No. 9, 6/14/11 Order.) On June 16, 2011, Cross-Defendants filed a response. (Docket No. 10.) After reviewing Cross-Defendants' response, this Court concludes that Cross-Defendants' arguments regarding subject matter jurisdiction are unpersuasive, and therefore **REMANDS** the case to state court.

---

[1] As noted in Cross-Defendants' response to this Court's Order to Show Cause, The Brachfeld Law Group, P.C., was erroneously sued as Brachfeld & Associates and Erica Lynn Brachfeld, P.C., was erroneously named and sued as Erica Brachfeld.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

    Cross-Defendants contend that the Court has federal question jurisdiction in this case under 28 U.S.C. § 1331. The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Caterpillar, 482 U.S. at 392 (emphasis added). A federal cross-claim does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983); Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985). Cross-Defendants cite no authority for their novel proposition that a cross-claim can give rise to federal jurisdiction so long as it is not "only tangentially involved." (See Resp. to OSC at 4.) According to Cross-Defendants' response to the Order to Show Cause, Plaintiff's complaint in this case "was a garden variety collection lawsuit." (Id. at 2.) Thus, it does not appear that the face of the well-pleaded complaint contained a federal question. This Court therefore lacks federal question jurisdiction.

    Moreover, even if Plaintiff's complaint did contain a federal question giving rise to federal question jurisdiction, the removing cross-defendants here had no right to remove this case under the federal removal statute, 28 U.S.C. § 1441. In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), the Supreme Court announced what is now the longstanding rule that a plaintiff/counterclaim defendant does not qualify as a "defendant" with a right to remove under the removal statute. See id. at 102–03, 108; Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1017 (9th Cir. 2007). Since Shamrock, courts have further limited the interpretation of "defendants" given the right to remove under 28 U.S.C. § 1441(a) to exclude third-party defendants and non-plaintiff parties who are added as cross-defendants in counterclaims. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 332–33 (4th Cir. 2008); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462–63 (6th Cir. 2002); Westwood Apex v. Contreras, – F.3d –, 2011 WL 1744960, at *5 (9th Cir. 2011). In the case at hand, Midland is a plaintiff/counterclaim defendant, and The Brachfeld Law Group, P.C., and Erica Lynn Brachfeld, P.C., are third-party defendants. None of these parties has a right to remove under § 1441(a) as interpreted by Shamrock Oil and its progeny.

    Cross-Defendants argue that Shamrock Oil is factually distinguishable from the current dispute in that Shamrock Oil was premised on diversity jurisdiction rather than federal question jurisdiction. (Docket No. 10, Resp. to OSC at 3.) This argument misses the mark. The removal statute gives "the defendant or the defendants" the authority to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Shamrock Oil interpreted "the defendant or the defendants" as including only original defendants. Under that precedent, only original defendants have a right to remove,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04453 GAF (JCx) | Date | July 5, 2011 |
|---|---|---|---|
| Title | Midland Funding, LLC v. Sue Brown Zelenitz | | |

regardless of the basis—federal question or diversity—for original jurisdiction.[2] There is no basis to conclude that only original defendants can remove diversity suits but <u>any</u> defendant, including counter-claim defendants, can remove federal question suits.

The fact that the FDCPA authorizes suits in federal district court does not change this result. The FDCPA states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1692k(d). This provision simply allows a complaint asserting an FDCPA claim to "be brought" in federal court; it does not alter § 1441 or <u>Shamrock Oil</u> to expand the right to <u>remove</u> such claims.

Cross-Defendants also state in their response, for the first time and without elaboration, that jurisdiction arises under 28 U.S.C. § 1337. (Resp. to Order to Show Cause at 3.) This statute states that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). At most, this provision might (redundantly) give this Court jurisdiction over a <u>complaint</u> asserting an FDCPA claim. This provision, however, does not modify the rules of removal as stated in § 1441.

The removal by a non-original defendant is a jurisdictional defect. <u>See</u> <u>Shamrock Oil</u>, 313 U.S. at 107 (noting that Congress's purpose in limiting the right of removal to original defendants was "to narrow the federal jurisdiction on removal"). In addition, the existence of a federal question in a counter-complaint does not give rise to federal question jurisdiction. <u>See</u> <u>Franchise Tax Bd.</u>, 463 U.S. at 14. For both of these reasons, the Court lacks subject matter jurisdiction in this case. Cross-Defendants have not convinced the Court otherwise. This case is therefore hereby **REMANDED** to San Diego County Superior Court.

**IT IS SO ORDERED.**

---

[2] "Original jurisdiction" includes both diversity and federal question jurisdiction. <u>See</u> <u>Joe Boxer Corp. v. Fritz Transp. Int'l</u>, 33 F. Supp. 2d 851, 853 (C.D. Cal. 1998) (citing <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)).